Anastasie Irene Warden Cittadini v. Commissioner.
Cittadini v. Commissioner
Docket No. 108757.
United States Tax Court
1943 Tax Ct. Memo LEXIS 310; 1 T.C.M. (CCH) 608; T.C.M. (RIA) 43220; May 11, 1943
*310 C. Walter Randall, Jr., Esq., for the petitioner. Harry L. Brown, Esq., for the respondent. HILL Supplemental Memorandum Opinion HILL, Judge: This proceeding was heard on the merits at Philadelphia, Pa., on September 15, 1942, at which time evidence was adduced by both parties. The sole issue was whether petitioner was entitled to a deduction for an alleged bad debt in the amount of $100,000, which had been disallowed by respondent. This adjustment by respondent, together with others not in controversy, resulted in his determination of a deficiency in income tax for the year 1939 of $26,625.93. [The Facts] Section 23 (k). Internal Revenue Code, as originally applicable to the year 1939, was in effect at the date of the hearing, and allowed as deductions "Debts ascertained to be worthless and charged off within the taxable year." Section 124, Revenue Act of 1942, enacted October 21, 1942, amended section 23 (k) to allow as deductions, "Debts which become worthless within the taxable year," and this amendment was made applicable to the taxable year 1939. On February 15, 1943, we entered a memorandum opinion herein, in which we approved the deficiency determined by respondent. *311 In such report we reached the conclusion that section 23 (k), as amended by the retroactive provisions of the 1942 Act, was applicable and eliminated the former requirements of ascertainment of worthlessness and charge-off in respect of bad debt deductions, in lieu of which a taxpayer is required by the amendment to establish only two facts, (1) that there was an existing debt, and (2) that such debt became worthless within the taxable year. Upon consideration of the evidence, we concluded in our report that petitioner had established that there was an existing debt but had wholly failed to sustain her burden of proving that the debt became worthless within the taxable year. On February 22, 1943, petitioner filed a motion "that the Court vacate its decision promulgated in the above entitled proceeding on February 15, 1943, and enter decision in favor of the taxpayer." Oral argument on this motion was heard March 24, 1943, and thereafter petitioner filed a brief in support of the motion and respondent filed a brief in opposition thereto. On March 18, 1943, petitioner filed a "Supplementary Motion" requesting, in the event the motion of February 22, 1943 should be denied, *312 that a further hearing be held to permit petitioner to present proof that the debt involved did not become worthless prior to 1939. However, this motion was withdrawn by petitioner on April 8, 1943, with the statement that no additional evidence was available to prove that the debt in question became worthless in 1939. On April 15, 1943, petitioner filed a motion requesting that we include in our memorandum opinion above referred to "a finding and conclusion" that the deduction involved would be permissible under section 23 (k), Internal Revenue Code, prior to its amendment by the Revenue Act of 1942, which request was denied. On brief in support of her motion of February 22, 1943, petitioner argues (1) that section 124 of the 1942 Act may not be applied retroactively to the instant proceeding, because it was tried before the enactment of that section; (2) in the alternative, that if the section is applicable, then the burden of proof is upon respondent as to any new factual issues raised thereby; (3) that, assuming the applicability of section 124, respondent's construction and this Court's interpretation of the section are contrary to the express intent of Congress under the facts *313 of this case; and (4) that such a construction of section 124 would render it unconstitutional. [Opinion] It is at once apparent that all of petitioner's contentions are substantially predicated upon the premiums that under the law as it existed at the time of the hearing, petitioner established her right to the deduction claimed; and that under the amended statute a new factual issue was raised requiring her to prove that the debt became worthless in the taxable year, a fact which petitioner contends was not necessary to be established under the old law. Petitioner further contends that the sufficiency of the proof to establish her right to the claimed deduction under the statute in effect at the date of the hearing, is indicated by the finding in our original report that upon advice of counsel she ascertained the debt in controversy to be worthless and charged it off by claiming a deduction therefor in her income tax return for the taxable year. The statement in our original opinion in respect to the ascertainment of worthlessness of the debt in question and its charge off in the taxable year was wholly immaterial to the question at issue under the statute applicable at *314 the time the opinion was entered. It is obvious that our conclusion was reached independently of such stated facts. Not only are such stated facts immaterial in considering the question involved, but also upon reconsideration of the facts and the record of this proceeding, we are impelled to the conclusion that petitioner did not "ascertain" the debt in controversy to be worthless in the taxable year, within the meaning of section 23 (k), supra, prior to amendment, and that our statement in respect of the ascertainment of worthlessness, as set out in our former opinion is erroneous because of its implication of such ascertainment within the meeting of such section prior to its amendment. Accordingly, the memorandum opinion entered February 15, 1943 is modified by striking therefrom the following words appearing in the last paragraph on page 4 [fifth paragraph, lefthand column, page 607]: Upon advice of counsel petitioner ascertained the debt in controversy to be worthless and * * * The balance of the first sentence of the paragraph referred to is amended to read as follows: Petitioner charged off the debt in controversy by claiming a deduction therefor in her income tax return *315 for the taxable year, since she kept no books of account. An order will be entered denying petitioner's motion filed February 22, 1943.